## HANFORD LOCKWOOD *et al.*, Executors, etc.

### *v.*

## ADDISON ONION.

NEW TRIAL—*verdict against the weight of evidence.* Where, in an action to
recover for board and services rendered as nurse, the recovery is largely in
excess of what it should be, from the nature of the evidence, a new trial will be
granted.

WRIT OF ERROR to the Circuit Court of Woodford county
the Hon. SAMUEL L. RICHMOND, Judge, presiding.

The opinion states the case.

Messrs. Bangs & Shaw, for the plaintiffs in error.

Messrs. Fort, Boal & Lows and Mr. Burns, for the defendant in error.

Mr. Justice Walker delivered the opinion of the Court:

This was a claim, filed in the county court, by defendant in error, against the estate of Ralph Lockwood, for services rendered deceased in his lifetime, and for board and lodging. There was a large number of witnesses called and examined on both sides, and as might reasonably have been expected, the evidence varied greatly as to the value of the services which were rendered by defendant in error. It appears that deceased boarded and lodged with defendant in error from some time about the 25th day of August, 1865, till about the 22d day of October, 1866; and that during that time his health was not good, and that he was cared for and nursed by defendant's wife and family during the time, except when he was absent in Canada and other places on business for an inconsiderable portion of the time. The jury returned a verdict for $3,411.60. A motion for a new trial was entered, but overruled, and a judgment rendered for that sum, to reverse which, this writ of error is prosecuted.

The principal error relied upon for a reversal, is, that the damages are excessive, and the refusal of the court below to grant a new trial. Where the evidence is so voluminous as it is in this case, we deem it impracticable, if not improper, to discuss it in detail on such a question, but we shall simply refer to our conclusions, derived from an attentive perusal. It appears, from the testimony, that most of the witnesses on behalf of defendant in error, from their own statements, are not familiar with the prices usually charged for such services,

and fix their estimates more from what they would have been willing to have rendered them for, than from a knowledge of their worth. On the other hand, the physicians, who have more experience and better opportunities of knowing the value of such services, fix their worth at a much lower rate. Between the two classes, the weight would seem to rather be with the latter than the former.

When we see, from the evidence, that defendant in error was not situated so as to extend to deceased anything more than ordinary accommodations, his house being poor, the lodging room uncomfortable, and all the accommodations ordinary, if not inferior; and when it appears that deceased was not confined to the house, even, until about a month before his death; and from all that was done and received, we cannot do otherwise than regard the large sum found by the jury as excessive. Such a sum for board, lodging and nursing, for less than fourteen months, seems to be out of proportion to its worth. Deceased was able to be about town, and engaged in the pursuit of his business during all of the time except the last month. Then how can it have been worth $250 per month, or over eight dollars each day, whether he was there or absent. It is true, that he had unpleasant and disagreeable ulcers, which had to be washed and dressed daily, but this exceeds our experience of charges made by surgeons of more than ordinary skill, when repeated for a short time even, and when it is for about fourteen months it seems to be greatly excessive. For attention to such unpleasant business, when the individual has means, such services, no doubt, deserve liberal compensation, but surely not such extravagant remuneration as was allowed by the jury in this case. If such charges were made by nurses in our hospitals, the poor and unfortunate would have to suffer, or the government be subjected to immense burthens. In those institutions, nurses who give their entire time, not only to one but many invalids, it is believed, receive but a small fraction of such compensation,

while in this case, the wife of defendant in error devoted but a small portion of her time to this service, and attended to her domestic affairs as usual.

Again, it appears that defendant in error and Lockwood settled during the time, and Lockwood seems to have paid on the account $288, which must have been deducted from the amount allowed. And the evidence shows that defendant in error was poor and pressed for means, and borrowed of Lockwood as much as $150, during the time, and executed a mortgage, when, if the charges allowed by the jury had then been claimed or agreed upon by the parties, Lockwood would then have owed defendant in error a large sum. This transaction would seem to be wholly inconsistent with such charges, and would indicate that no such claim was then contemplated, Lockwood is shown to have been abundantly able to have then discharged even the extravagant charges now claimed, if such had been the claim of defendant in error, and assented to by Lockwood.

We are irresistibly impelled to conclude that the verdict is largely excessive, when the evidence of most of the physicians, including the attending physician, fix the sum at greatly less, for which they would have charged had they rendered such services professionally. Compensation should bear some proportion to the worth of the service, and in this case we are irresistibly forced to the conclusion that the jury, from prejudice, passion, or some other cause, have disregarded this rule. When the evidence of those who have knowledge of the worth of such services fix the price, it should be acted upon and regarded, instead of the mere opinions of persons without experience or knowledge of the usage and custom in such cases. When the whole of the testimony is considered, we regard the verdict as being excessive to an extent that required the court below to have granted a new trial, and for this error the judgment of the court below must be reversed and the cause remanded for a new trial.

*Judgment reversed.*